## Meyer Sandler v. Timothy Bresnaham.

[See 53 Mich. 567.]

*Sale.*

The purchaser of goods had to replevy them from an officer who took them on an attachment against the vendor. The sale embraced transactions beginning Jan. 6, and closing on the 9th or 10th. The levy was made June 10. Under a charge that unless the sale was made before the levy defendant was entitled to a verdict, the jury found for plaintiff. *Held,* that it must be assumed that they found the sale to have been completed on the 9th, if such assumption were necessary to sustain the verdict.

And if the case was so submitted that the jury might have found that the sale was completed on the 6th, although the facts were not sufficient to establish it, the verdict must stand if no instruction was asked for as to the effect of what took place that day, and if no exception was taken on the specific point that the evidence was insufficient to show a completed sale at that time.

Motion for re-hearing. Denied. June 25.

*Smith, Nims, Hoyt & Erwin* for the motion.

*Frank G. Holmes* against.

CooLEY, C. J. On the trial of this case plaintiff claimed the iron under a purchase made from Snher, January 6, 1883, which was finally closed up a few days afterwards, and as Snher says, on January 9. The defendant claimed under a levy made January 10, and the court instructed the jury that unless the sale was made before this levy the defendant was entitled to their verdict. Under this instruction the plaintiff recovered. In reviewing the case it was said by this Court that the facts shown to have taken place January 6th, did not tend to make out a sale, but the transactions on the 9th were sufficient to pass the title. Application is now made for a re-hearing on the ground that the transactions which perfected the sale did not in fact take place on the 9th but on the 10th, and at an hour of that day later than the hour of the

levy. And the attention of the Court is directed to evidence to that effect. But we do not see how it can be assumed that the sale was completed on the 10th rather than on the 9th. The testimony of Snher is positive, and under the instruction of the judge which submitted the facts to the jury under the positive requirement that they should return a verdict for the defendant, unless they found the sale to have been made before the levy, it must be assumed that they found the sale to have been perfected on the 9th, if such an assumption were essential to the support of their verdict.

But it may be said that the judge submitted the facts which occurred on the 6th to the jury, and that the plaintiff claimed that these amounted to a sale, and the jury may have concurred in this view, though this Court holds it to be erroneous. This may be true. But the defendant requested no instruction from the judge upon the effect of the transactions upon that day, and the judge expressed no opinion upon them. He told the jury that if a sale was made on that day, the plaintiff was entitled to recover; and as this proposition was unquestionably correct, the defendant, instead of excepting to it generally, should have called attention to any supposed defects in the evidence to make out a sale, and requested specific instructions. But not only was this not done, but when the judge recapitulated the facts sworn to as having taken place on the 6th, and then told the jury that they were to determine from the evidence whether prior to the 10th a sale had been made and completed, no exception was taken, and no complaint of that part of the charge made. We therefore adhere to the opinion filed in the case, and find no occasion for further discussion.

The other Justices concurred.